COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JON ERIK HARLOW, | | No. 08-08-00129-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 199th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Collin County, Texas |
| | § | |
| Appellee. | | (TC # 199-83292-06) |
| | § | |

**O P I N I O N**

John Harlow pled guilty to one count of possession of child pornography and the trial court sentenced him to five years in prison.[1]  For the reasons that follow, we affirm.

**FACTUAL BACKGROUND**

Jennifer Edwards interviewed Appellant at his attorney's request and testified on behalf of the State at the sentencing hearing.  Edwards has been a licensed sex offender treatment provider for ten years.  Based on her clinical experience and her interview with Appellant, Edwards did not believe Appellant would be "very amenable" to treatment.  She was concerned that he had not accepted responsibility for the offense and he continued to blame the victim for initiating the assault even two years later.  Edwards was also concerned because Appellant's wife had not taken any steps to protect their children after finding Appellant with child pornography.  Appellant's wife also worked as a day-care teacher which could provide Appellant with increased access to children.

_____

[1] Appellant also plead guilty to aggravated sexual assault in Cause Number 08-08-00128-CR.  Appellant was sentenced to fifteen years' imprisonment to be served concurrently with his five year sentence for possession of child pornography in 08-08-00129-CR. Appellant appeals both convictions and we have addressed them as companion cases. *See David Norris Alexander v. State*, No. 08-07-00280-CR, (Tex.App.--El Paso 2008, no pet.).

There was also evidence that Appellant regularly examined his ten-year-old stepdaughter's breasts, claiming he was checking to see how much they had grown, and he had recently built a new fence in his backyard so the entire family could live as nudists. Edwards concluded that Appellant "is an offender who scares me," and she worried he would be a risk to the community.

Dr. Tim Branaman, a psychologist and sex offender treatment provider, testified on Appellant's behalf. He had not interviewed Appellant and could not predict whether Appellant would be at risk to reoffend, but he did not see any factors in Edward's report "predictive of recidivism." He explained that Edwards used a method of evaluation known as "clinical prediction," relying on her personal experiences rather than testing to determine whether a defendant would be at risk to reoffend. Branaman believed it was the least-effective method while the preferred methods include an informed structured approach; an actuarial approach (like the Static-99); and an adjusted actuarial approach. Edwards does not use the Static-99, nor does she administer the penile plethysmograph in preparing her pre-adjudication evaluations of accused sex offenders. She has evaluated 1,000 sex offenders in her career, but she has never compiled data on the rate of recidivism.

## PROPRIETY OF SENTENCING

In his sole issue for review, Appellant argues his due process right to reliability in sentencing was violated when the trial judge made the sentencing determination, at least in part, on the irrelevant and unreliable testimony of the State's expert, Jennifer Edwards.

To preserve error, the complaining party must make a timely, specific objection at the earliest possible opportunity. TEX.R.APP.P. 33.1; *Saldano v. State*, 70 S.W.3d 873, 886-87 (Tex.Crim.App. 2002). Without proper preservation, even constitutional errors may be waived. *Id*.

Structural error is not subject to a harm analysis. *Mendez v. State*, 138 S.W.3d 334, 339

(Tex.Crim.App. 2004).  A structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself."  *Id*. at 340, *citing Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).  Structural errors are only found in a limited class of cases: a total deprivation of the right to counsel, lack of an impartial trial judge, unlawful exclusion of grand jurors of defendant's race, the right to self-representation at trial, the right to a public trial, and an erroneous reasonable-doubt instruction to the jury.  *Id*. *citing Johnson v. United States*, 520 U.S. 461, 468-69, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).  Most constitutional errors are not structural.  *Id*., *citing Arizona v. Fulminante*, 499 U.S. at 306.

A systematic requirement is a law that a trial court has a duty to follow even if the parties wish otherwise.  A defendant may complain on appeal that such a requirement was violated, even if he failed to complain or waived the issue.  *Id*. *citing Marin v. State*, 851 S.W.2d 275, 280 (Tex.Crim.App. 1993).  The rules that require a timely and specific objection, motion, or complaint do not apply to two relatively small categories of errors: violations of "rights which are waivable only" and denials of "absolute systemic requirements."  *Marin*, 851 S.W.2d at 280.  Those errors may be raised for the first time on appeal.  *Id*.  Examples of rights that are waivable-only include the right to assistance of counsel and the right to trial by jury.  *Id*.  Absolute systemic requirements include jurisdiction of the person, jurisdiction of the subject matter, and a penal statute's compliance with the Separation of Powers Section of the Texas Constitution.  *Id*. at 279.

Our analysis is informed by *Saldano v. State*, 70 S.W.3d 873, 884 (Tex.Crim.App. 2002).  One of the issues presented to the jury at sentencing was "whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society."  *Id*.  The State elicited testimony from a clinical psychologist about statistical, "identifying markers" which assist experts in determining whether there is a probability that a defendant will

present a future threat. *Id*. at 885. The expert testified that one of the factors associated with a defendant's future dangerousness was race or ethnicity. *Id*. The defendant did not object but undercut the expert's credibility through cross-examination. He also called his own expert witness to testify concerning his future dangerousness. *Id*.

The *Saldano* court used the *Marin* framework to frame the issue: Whether the introduction of the expert's testimony was one to which the appellant was required to have made a timely, specific objection at trial. *Id*. at 889. The court found that the appellant's complaint was neither an absolute systemic requirement nor a right that is waivable-only. *Id*. The failure to object in a timely and specific manner during trial forfeited the complaints about the admissibility of evidence even though the error may have concerned a constitutional right. *Id*.

Similarly, we conclude that since Appellant did not object to Edward's testimony, he has not preserve error for review. In fact, Edward's evaluation was performed at Appellant's request, and Appellant affirmatively stated he had no objection to the admission of Edward's report. Appellant has not presented any case law, and we have found none, characterizing error in the admission of expert testimony during sentencing as either waivable-only error or a denial of an absolute systemic requirement. We overrule Appellant's sole point and affirm the judgment of the trial court.

February 24, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)